IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:24cv140 |
| NURSING, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Francisco Sanchez, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrates.

<u>Analysis</u>

Plaintiff alleges violations of his civil rights by prison doctors at the Coffield Unit located in Tennessee Colony, Texas.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision.  Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391.  *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).  When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose.

The claims which form the basis of Plaintiff's complaint occurred at the Coffield Unit which is located in Anderson County, Texas.  Pursuant to 28 U.S.C. § 124, Anderson County is located in the Eastern District of Texas.  As a result, venue is proper in the Eastern District of Texas.  While Anderson County is in the Eastern District of Texas, it is in the Tyler Division of such district, rather than the Lufkin Division.

Plaintiff filed this action in the United States District Court for the Southern District of Texas. When the case was transferred from the Southern District of Texas, it was inadvertently transferred to the Lufkin Division of this court instead of the Tyler Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in accordance with this Memorandum.

**SIGNED this the 29th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE